# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA I. PAYNE, | : | Civil No. 3:17-cv-1230 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| MARGARET GORDON, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Joshua I. Payne ("Payne"), an inmate confined at the Mahanoy State

Correctional Institution in Frackville, Pennsylvania ("SCI-Mahanoy"), initiated the instant

action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the following

Department of Corrections officials and employees: Margaret Gordon, Ulrich Klemm, John

Wetzel, Theresa A. Delbalso, Bernadette Mason, and John Steinhart. (*Id.*). Also named as

a Defendant is Courtney Rodgers, D.O. (*Id.*). The complaint alleges constitutional

violations for events that occurred at SCI-Mahanoy. (*Id.*). Presently pending before the

Court is Plaintiff's motion for appointment of counsel. (Doc. 22). For the following reasons,

the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel

in a civil case, the Court has discretion "to request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and legal

issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741

F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle,

other factors to be examined are:

(1)    the plaintiff's ability to present his or her own case;
(2)    the difficulty of the particular legal issues;
(3)    the degree to which factual investigation will be necessary and the
ability of the plaintiff to pursue investigation;
(4)    the plaintiff's capacity to retain counsel on his or her own behalf;
(5)    the extent to which the case is likely to turn on credibility
determinations; and
(6)    whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez,*

232 F. App'x 153 (3d Cir. 2007).

In the instant action, Plaintiff fails to set forth any special circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases the motion on the alleged complexity of the case, his inability to afford counsel, inability to pay for costs associated with discovery, and limited knowledge of the law. (Doc. 22). However, in his pleadings, Plaintiff demonstrates the ability to properly and forcefully prosecute his claims. Despite Plaintiff's incarceration, investigation of the facts is not beyond his capabilities and he is familiar with the facts of his case. Additionally, a review of this Court's docket reveals that Plaintiff has filed several cases and has proceeded in all cases without counsel. *See, e.g., Robinson, et al. v. Wetzel, et al.*, 3:11-cv-2194; *Payne v. Wetzel, et al.*, 3:12-cv-1932; *Payne v. Doe, et al.*, 3:12-cv-2243; *Payne v. Duncan, et al.*, 3:13-cv-2203. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated,

[A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order shall issue.

Date/Aug. 21, 2018

Robert D. Mariani
United States District Judge